IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00490-BNB

KHALIF ABDUL QAWI MUJAHID, Formally [sic] known as
KEITH G. GAFFNEY,

    Applicant,

v.

ROBERT WILEY, Warden, et al.,

    Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 5 2008

GREGORY C. LANGHAM
              CLERK

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Khalif Abdul Qawi Mujahid, formerly known as Keith G. Gaffney, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. Mujahid has filed *pro se* an amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a motion and affidavit for leave to proceed pursuant to 28 U.S.C. § 1915 (2006) in a habeas corpus action. For the reasons stated below, Mr. Mujahid will be ordered to file an amended pleading.

The Court has reviewed the application filed in this action and finds that the claims Mr. Mujahid asserts are civil rights claims, not habeas corpus claims. "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Mr. Mujahid is not challenging the validity of his custody. Instead, he challenges the conditions of his

confinement. He specifically claims that his personal property was confiscated during a cell shakedown.

Generally, a federal prisoner's challenge to his conditions of confinement is cognizable under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971). *See, e.g., **Richards v. Bellmon**,* 941 F.2d 1015, 1018 (10th Cir. 1991). Therefore, because the claims Mr. Mujahid raises in this action properly should be asserted in a civil rights action, he will be directed, if he wishes to pursue his claims in this action, to file a Prisoner Complaint against the individuals who allegedly have violated his rights. Accordingly, it is

ORDERED that Mr. Mujahid cure a deficiency in this action by submitting to the Court **within thirty (30) days from the date of this order** a Prisoner Complaint if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Mujahid, together with a copy of this order, two copies of the following form to be used in submitting the Prisoner Complaint: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Mujahid fails within the time allowed to cure the designated deficiency, the action will be dismissed without further notice.

DATED March 25, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 08-cv-00490-BNB

Khalif Abdul Qaui Mujahid
a/k/a Keith G. Gaffney
Reg. No. 19979-101
ADX - Florence
PO Box 8500
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 3/25/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk